[766 NYS2d 880]

In the Matter of THOMAS RYBICKI (Admitted as THOMAS S. RYBICKI), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 3, 2003

APPEARANCES OF COUNSEL

*Robert P. Guido*, Syosset *(Nancy A. Bolger* of counsel), for petitioner.

*Mintz & Gold, LLP*, New York City *(Vito J. Titone* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee served the respondent with a petition dated April 5, 2000, containing one charge of professional misconduct. Hearings were held before Special Referee Wager on June 18, 2002, and June 19, 2002. The charge was ultimately sustained by Special Referee Becker. The petitioner now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper.

The respondent asks that the appropriate sanction be a censure or, at most, a suspension that takes into account the fact that he has already been suspended in excess of three years.

The charge is predicated upon the respondent's convictions of various crimes.

The respondent was convicted, after trial, of the following charges: mail fraud, in violation of 18 USC § 1341 (20 counts); wire fraud, in violation of 18 USC § 1343 (two counts); and conspiracy to commit mail fraud, in violation of 18 USC § 371.

On or about January 5, 2000, as amended January 26, 2000, the respondent was sentenced in the United States District Court for the Eastern District of New York to concurrent terms of one year and one day incarceration, and was fined $20,000. The judgment of conviction against the respondent is dated January 7, 2000.

Based on the evidence adduced, the Special Referee properly sustained the charge. Accordingly, the motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider that he has been suspended for more than three years, that he has no prior disciplinary history, and that he enjoys an exemplary professional and personal reputation in the community. According to

the respondent, the misconduct underlying the serious crimes of which he has been convicted, i.e. making payments to a middleman to induce expedited handling of insurance claims, is similar to misconduct which has warranted sanctions less severe than disbarments in the past.

In view of the fact that the respondent engaged in an ongoing pattern of such misconduct as opposed to an isolated instance, he is suspended from the practice of law for an additional five years.

·PRUDENTI, P.J., RITTER, SANTUCCI, FLORIO and S. MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Thomas Rybicki, is suspended from the practice of law for a period of five years, effective immediately and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the five-year period upon furnishing satisfactory proof that during that period (1) he refrained from practicing or attempting to practice law, (2) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (*see* 22 NYCRR 691.10), and (3) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Thomas Rybicki, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.